# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>    Plaintiff, <br><br> v. <br><br> JAMES PREBIS, <br><br>    Defendant, <br><br> and <br><br> PRUDENTIAL FINANCIAL, HEWITT ASSOCIATES, LLC, TD AMERITRADE, JP MORGAN CHASE BANK, N.A., and KATHLEEN PREBIS, <br><br>    Third Party Citation Respondents. | No. 02 CR 400-10 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

At issue here is the United States' right to certain assets to fulfill the restitution obligation of a sentence imposed by this Court. The basic facts and the law of this case are not in dispute. Hewitt Associates, LLC holds over $114,000 in a McDonald's Profit Sharing Plan Account, which is a 401(k) retirement account owned by Defendant. The dispute is over one-half of that account. There is a claim that it is marital property, so Defendant's spouse is entitled to half. The spouse has not contributed to the account; only Defendant and his employer did that. Nor did she withdraw funds from the account; she has a 401(k) account with her own employer.

A creditor is entitled to a presumption that the funds in a joint account are those of the debtor. A restitution order is treated as an amount owed under federal tax laws. *United States v. Craft*, 535 U.S. 274 (2002). Liens to enforce either of those obligations are subject only to

federal (not state law) exemptions, and none of those exemptions applies here. *United States v. Mitchell*, 403 U.S. 190, 204 (1971); *United States v. Novak*, 476 F.3d 1041 (9th Cir. 2007). The only hope for the spouse is a showing that the property is hers, not his, and to claim that it is marital property.

Prebis had the right to do as he wished with the account until the marriage ended by death or dissolution or until a court order entered under the matrimonial laws of a State precluded him from doing so. Marital property is a concept of great importance in the administration of estates and judicial proceedings to dissolve a marriage. It has no other legal significance. What the spouse here is claiming is really just this: If the defendant had died or a divorce court were deciding how to divide property, this 401(k) account *would then* be marital property. That "if" has not occurred here, and the spouse offers no answer to this line of reasoning.

Ownership of the asset was transferred to a living (and presumably revocable) trust for which she and her husband were trustees, but she does not claim that this establishes that the asset is no longer solely her husband's for purposes of this lien. The potential for evasion of liens by such a device would be quite substantial for cases in which the co-trustee contributed nothing to the creation of the asset. Perhaps more importantly, the cash is not in possession of the trustees. Hewitt Associates has the cash, and there is no showing that the spouse has the authority to exercise exclusive control over its disbursement. Instead of arguing that half the asset is legally hers, she says:

> In this matter, Kathleen Prebis has testified to her intent and belief that the Hewitt 401(k) Plan has always been the major pension plan of the Prebis family. While her husband was incarcerated, Kathleen Prebis used her entire income to attempt to maintain their residence, pay expenses and care for Kyle. It now is evident that

> even the residence must be sold. [She] respectfully requests that
> this Court, through it inherent equitable power and discretion, deny
> the Government's motion to turn over the entire Hewitt . . .
> proceeds and award one-half interest to Kathleen Prebis.

Her argument has emotional force, but I have no power to honor it. The family of a victim often suffers for his crime, but no legislature has ever enacted laws to relieve that suffering when the purpose of the sentence is to make restitution to the victims of the offense. Even if such a law existed, there is no showing that the financial pains imposed on Prebis' family do not result, in part or whole, from the loss of his illegal income, which he acquired during the period of the fraud of which he was convicted.

The Government's motion is granted.

ENTER:

James B. Zagel
United States District Judge

DATE: Jun 26, 2007

3